Patrick M. Howe (SBN 154669)
*pat@patrickhowelaw.com*
PATRICK HOWE LAW, APC
402 W. Broadway, Ste. 1025
San Diego, CA 92101
(619) 398-3422 Phone
(619) 452-2507 Fax

Attorney for plaintiff
Progressive Express Insurance Company

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Progressive Express Insurance Company; | Case No. 5:20-cv-00516 |
| Plaintiff; | **Complaint for Declaratory Relief** |
| v. | |
| Paradise Logistics & Trucking; Ravuama Kurusiga; Ronald Lopez; Anna Lopez; and SFS Inc.; | **Demand for Jury Trial** |
| Defendants. | |

Plaintiff Progressive Express Insurance Company ("Progressive") alleges as follows:

## Jurisdiction

1.    Jurisdiction exists under 28 U.S.C. section 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Venue

2.  Venue is proper under 28 U.S.C. section 1391 because one or more defendants resides in this judicial district and a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this judicial district.

## Parties

3.  Progressive is a corporation incorporated under the laws of Ohio. Its principal place of business is in Ohio.

4.  Defendant Paradise Logistics & Trucking is a corporation incorporated under the laws of California. Its principal place of business is in Sacramento, California.

5.  Defendant Ravuama Kurusiga is a natural person. He is a citizen of Utah. He resides in Utah.

6.  Defendant Ronald Lopez is a natural person. He is a citizen of California. He resides in San Bernardino County, California.

7.  Defendant Anna Lopez is a natural person. She is a citizen of California. She resides in San Bernardino County, California.

8.  Defendant SFS, Inc. is a corporation incorporated under the laws of California. Its principal place of business is in Sacramento, California.

## General Allegations

9.  Progressive is an insurance company. On August 17, 2019, Progressive insured Paradise Logistics & Trucking under commercial auto insurance policy no. 00937020-0 (the "Progressive policy").

10. On August 17, 2019, Paradise Logistics & Trucking was a motor carrier engaged in interstate trucking activities and registered with the Federal Motor Carrier Safety Administration under DOT no. 2861794.

1    The Progressive policy was issued to meet the needs of this type of

2    business

3        11.  The Progressive policy contained the following insuring agree-

4    ment:

> ### INSURING AGREEMENT - LIABILITY TO OTHERS
>
> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense**, for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. ...
>
> **We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

        12.  The Progressive policy contained the following definitions:

> ### GENERAL DEFINITIONS
>
> ...
>
> 5.  "**Insured auto**" or "**your insured auto**" means:
>
>     a.  Any **auto** specifically described on the **declarations page**; or
>
>     b.  An additional **auto** for Part I - Liability To Others and/or Part II - Damage To Your Auto on the date **you** become the owner if:

(i)   **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii)  **we** insure all **autos** owned by **you** that are used in **your** business;

(iii) no other insurance policy provides coverage for that **auto**; and

(iv)  **you** tell us within 30 days after **you** acquire it that **you** want us to cover it for that coverage.

...

c.   Any replacement **auto** on the date **you** become the owner if:

(i)   **you** acquire the **auto** during the policy period shown on the **declarations page**;

(ii)  the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the re-placed **auto** or due to mechanical breakdown of, deterioration of, or loss to the re-placed **auto** that renders it permanently inoperable; and

(iii) no other insurance policy provides coverage for that **auto.**

...

14. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to break-down, repair, servicing, loss or destruction.

...

16. "**We**," "**us**" and "**our**" mean the company providing this insurance as shown on the **declarations page**.

17. "**You**," "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

13. The Progressive policy contained the following definition applicable to Part I – Liability to Others:

...

B. When used in Part I – Liability to Others, **insured auto** also includes:

...

3. Any **temporary substitute auto**.

...

14. On August 16, 2019, Paradise Logistics & Trucking and SFS Inc. enter into a commercial vehicle lease agreement. Under the agreement, Paradise Logistics & Trucking leased from SFS Inc. a 2016 Volvo truck tractor, bearing vehicle identification number 4V4NC9EH0GN948951. The lease agreement was subject to the provisions of 49 CFR 376, Subpart B. A true and correct copy of the lease agreement is attached hereto as Exhibit "A."

15. On August 17, 2019, Ravuama Kurusiga was operating the truck tractor and an attached trailer on State Route 60 in San Bernardino County. The truck tractor-trailer combo collided with a vehicle occupied by Ronald Lopez.

16. At the time of the collision, Ravuama Kurusiga was operating the truck tractor-trailer combo under Paradise Logistics & Trucking's motor carrier authority with the Federal Motor Carrier Safety Administration.

17.  At the time of the collision, the truck tractor was not an "insured auto" under the Progressive policy.

18.  At the time of the collision, the trailer was not an "insured auto" under the Progressive policy.

19.  At the time of the collision, the truck tractor was not described on the declarations page of the Progressive policy.

20.  At the time of the collision, the trailer was not described on the declarations page of the Progressive policy.

21.  At the time of the collision, SFS Inc. owned the truck tractor.

22.  At the time of the collision, Paradise Logistics & Trucking did not own the truck tractor.

23.  At the time of the collision, Paradise Logistics & Trucking did not own the trailer.

24.  At the time of the collision, the truck tractor was not a "temporary substitute auto" under the Progressive policy.

25.  At the time of the collision, the trailer was not a "temporary substitute auto" under the Progressive policy.

26.  At the time of the collision, none of the autos described on the declarations page of the Progressive policy was withdrawn from normal use.

27.  On October 9, 2019, Ronald Lopez and Anna Lopez filed a first amended complaint in California Superior Court for the County of San Bernardino, case no. CIVDS1928907 (the "state court action"). A true and correct copy of the first amended complaint is attached hereto as Exhibit "B."

28.  The first amended complaint in the state court action names as defendants Ravuama Kurusiga, SFS Inc., and Paradise Logistics & Trucking.

29. The first amended complaint in the state court action alleges three causes of action against Ravuama Kurusiga, SFS Inc., and Paradise Logistics & Trucking for motor vehicle negligence, general negligence, and loss of consortium arising out of the August 17, 2019 collision.

### First Cause of Action

*(Declaratory Relief on Duty to*
*Indemnify – Against all Defendants)*

30. Progressive incorporates the allegations in paragraphs 1–29 as though fully set forth within this first cause of action.

31.    An actual controversy exists between Progressive and each defendant. On the one hand, Progressive contends it has no obligation under the Progressive policy to indemnify Ravuama Kurusiga, SFS Inc., or Paradise Logistics & Trucking against the claims by Ronald Lopez and Anna Lopez in the state court action or otherwise as a result of the August 17, 2019 collision, because the truck tractor was not an "insured auto" under the policy and the trailer was not an "insured auto" under the policy. On the other hand, each defendant contends that Progressive does have such an obligation under the Progressive policy.

32. A judicial determination is necessary and appropriate at this time regarding the respective rights and duties of Progressive and each defendant under the Progressive policy, specifically, for a declaration that Progressive has no obligation under the Progressive policy to indemnify Ravuama Kurusiga, SFS Inc., or Paradise Logistics & Trucking against the claims by Ronald Lopez and Anna Lopez in the state court action or otherwise as a result of the August 17, 2019 collision,

1   because the truck tractor was not an "insured auto" under the policy

2   and the trailer was not an "insured auto" under the policy.

### Second Cause of Action

*(Declaratory Relief on Duty to*

*Defend – Against all Defendants)*

6   33.  Progressive incorporates the allegations in paragraphs 1–29 as

7   though fully set forth within this second cause of action.

8   34.    An actual controversy exists between Progressive and each

9   defendant. On the one hand, Progressive contends it has no obligation

10  under the Progressive policy to defend Ravuama Kurusiga, SFS Inc., or

11  Paradise Logistics & Trucking against the claims by Ronald Lopez and

12  Anna Lopez in the state court action or otherwise as a result of the Au-

13  gust 17, 2019 collision, because the truck tractor was not an "insured

14  auto" under the policy and the trailer was not an "insured auto" under

15  the policy. On the other hand, each defendant contends that Progres-

16  sive does have such an obligation under the Progressive policy.

17  35.  A judicial determination is necessary and appropriate at this

18  time regarding the respective rights and duties of Progressive and each

19  defendant under the Progressive policy, specifically, for a declaration

20  that Progressive has no obligation under the Progressive policy to de-

21  fend Ravuama Kurusiga, SFS Inc., or Paradise Logistics & Trucking

22  against the claims by Ronald Lopez and Anna Lopez in the state court

23  action or otherwise as a result of the August 17, 2019 collision, because

24  the truck tractor was not an "insured auto" under the policy and the

25  trailer was not an "insured auto" under the policy.

**Prayer**

Wherefore, Progressive prays for judgment as follows:

1.    For a judicial declaration that Progressive has no obligation under the Progressive policy to indemnify Ravuama Kurusiga, SFS Inc., or Paradise Logistics & Trucking against the claims by Ronald Lopez and Anna Lopez in the state court action or otherwise as a result of the August 17, 2019 collision;

2.    For a judicial declaration that Progressive has no obligation under the Progressive policy to defend Ravuama Kurusiga, SFS Inc., or Paradise Logistics & Trucking against the claims by Ronald Lopez and Anna Lopez in the state court action or otherwise as a result of the August 17, 2019 collision;

3.    For costs of suit incurred herein; and

4.    For such further relief the court deems just and proper.


March 12, 2020                    PATRICK HOWE LAW, APC

                                  By: */s/ Patrick M. Howe*
                                  Patrick M. Howe
                                  Attorney for plaintiff Progressive
                                  Express Insurance Company


**Demand for Trial by Jury**

Progressive demands a jury trial on all issues in this action.


March 12, 2020                    PATRICK HOWE LAW, APC

                                  By: */s/ Patrick M. Howe*
                                  Patrick M. Howe
                                  Attorney for plaintiff Progressive
                                  Express Insurance Company